```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
MALIBU MEDIA, LLC.,

                    Plaintiff,         15 Civ. 1834  (JGK)

     - against -                       MEMORANDUM OPINION AND
                                       ORDER
JOHN DOE assigned to IP address
67.250.36.145,

                    Defendant.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Malibu Media, LLC, ("Malibu") brought this action against a single John Doe Defendant ("Doe"), alleging copyright infringement. Doe seeks an order to quash the Rule 45 subpoena served on his internet service provider ("ISP"), Time Warner Cable, to prevent Malibu from obtaining Doe's true name and address from Time Warner Cable. For the reasons provided below, Doe's motion is denied.

### I.

Malibu operates a subscription-based website that provides subscribers with X-rated adult movies. Malibu alleges that Doe infringed its copyrights by using BitTorrent, a peer-to-peer file sharing system, to download and distribute thirteen copyrighted movies between September 5, 2014, and January 15, 2015. On March 12, 2015, Malibu commenced a copyright infringement action against Doe. Because Malibu was only able

1

to identify Doe by his Internet Protocol ("IP") address, this Court entered an order on April 2, 2015, allowing Malibu to serve a Rule 45 subpoena on Doe's ISP, Time Warner Cable, to identify Doe.  Doe moved to quash the subpoena on May 26, 2015, and Malibu responded to the motion on June 6, 2015.

## II.

The Court, where compliance with a subpoena is otherwise required, must quash a subpoena when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). An internet subscriber's anonymity is protected by the First Amendment to the extent that the anonymity is not used to "mask copyright infringement or to facilitate such infringement by other persons."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010).  In Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), Judge Chin articulated five factors to be considered in determining whether a defendant's First Amendment rights protect the defendant's identity from disclosure: (1) whether the plaintiff had made a "concrete showing of a prima facie claim of actionable harm"; (2) the "specificity of the discovery request"; (3) "the absence of alternative means to obtain the subpoenaed information"; (4) "a central need for the subpoenaed information to advance the claim"; and (5) "the party's expectation of privacy."  Id. at

2

564-65.  Here, each of these factors supports disclosure of Doe's identity.

Malibu has made a concrete showing of a prima facie claim of copyright infringement.  A prima facie claim of copyright infringement consists of two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Arden v. Columbia Pictures Indus., Inc., 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995) (quoting Feist Publ'ns, Inc. v. Rural Tel. Service Co., 499 U.S. 340, 361 (1991)).  Malibu alleges that it owns copyrights for the allegedly infringed movies, which Doe does not dispute.  Compl. ¶ 29.  Using a peer-to-peer file sharing system to download and distribute copyrighted materials without authorization is an infringement of the owner's copyrights.  See Arista Records LLC v. Lime Grp. LLC, No. 06cv5936, 2010 WL 6230927, at *3 (S.D.N.Y. Dec. 28, 2010), adopted by Arista Records LLC v. Lime Grp. LLC, No. 06cv5936, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011).

In its Complaint, Malibu provides detailed allegations that Doe's IP address was used to download and distribute the thirteen copyrighted movies through BitTorrent, a peer-to-peer file sharing system, which is sufficient to establish a prima facie claim of copyright infringement.  Compl. ¶¶ 11, 30, 31, Ex. A; see Malibu Media, LLC v. Doe No. 4, No. 12cv2950, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012).

3

Malibu's discovery request is sufficiently specific.  The discovery request must be sufficiently specific to enable the plaintiff to identify and serve process on a particular defendant.  See Sony Music, 326 F. Supp. 2d at 566.  Here, Malibu seeks the true name and address of Doe, a particular Time Warner Cable subscriber, based on the specific times and dates when Doe allegedly downloaded Malibu's copyrighted movies.  Compl. Ex. A.  Such identifying information is sufficiently specific and will enable Malibu to serve process on Doe.  See Malibu Media, 2012 WL 5987854, at *3.

Malibu has established that it lacks other means to obtain the subpoenaed information.  Because the use of BitTorrent is wholly anonymous with the mere exception that the user must reveal the user's IP address, subpoenaing the ISP, which can use its subscriber logs to connect the identity of one subscriber and a particular IP address, is the only means to obtain identifying information under these circumstances.  See Sony Music, 326 F. Supp. 2d at 566.

Malibu has demonstrated that the subpoenaed information is centrally needed for Malibu to advance its copyright infringement claims.  The ability to serve process is "central" to advancing a copyright infringement claim.  See John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 190-91 (S.D.N.Y.

4

2012).  Here, Malibu is only able to serve process on Doe after it ascertains Doe's identity.

Finally, Malibu's interest in discovery outweighs Doe's expectation of privacy.  An internet user has a privacy interest that provides protection against the disclosure of the types of movies the user views.  See Next Phase Distribution, Inc. v. Does 1-138, No. 11cv9706, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012).  It is also true that Doe, whose identity information is being sought, might not, in fact, have committed the conduct alleged.  See Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (recognizing the possibility that the conduct was actually committed by the subscriber's teenage son, boyfriend, or neighbor in an apartment building that uses shared IP addresses).

However, "[the] defendant's First Amendment right to remain anonymous [sometimes] must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."  Sony Music, 326 F. Supp. 2d at 567.  Here, granting the motion to quash would effectively end the litigation Malibu has been pursuing against Doe, because Malibu would not be able to serve Doe.  Malibu alleges that Doe has downloaded and distributed thirteen copyrighted movies in the course of more than four months, which reduces the possibility that the infringement was conducted by a transient

5

visitor.  Compl. Ex. A.  Moreover, Malibu has consented to allowing Doe to proceed anonymously, which minimizes the possible embarrassment and reputational damage.  Because "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material," John Wiley, 284 F.R.D. at 191, Doe's privacy interest is outweighed by Malibu's interest in discovering Doe's identity.

### III.

The Court, where compliance with a subpoena is otherwise required, must also quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).  The Court, where the action is pending, also has the power to issue protective orders to protect a "party or any person from whom discovery is sought" from "annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c)(1). Nevertheless, "a motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005); accord 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (2d ed. 1995).  "[A] party usually does not have standing to object to a subpoena directed to a non-party," Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975), unless there is "a claim of privilege," id., or the party shows

6

"a sufficient privacy interest in the confidentiality of [the] records."  Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2001).

Here, the subpoena is undisputedly directed at the ISP, Time Warner Cable, rather than Doe himself.  Doe's identity is not privileged information.  Moreover, as explained above, Doe has not shown that Doe has a sufficient privacy interest that prevents disclosure.  Moreover, there is no plausible claim that the production of Doe's identity by Time Warner Cable would be unduly burdensome and any possible embarrassment of Doe is alleviated by the parties' agreement that Doe proceeds anonymously.

**IV.**

Doe claims that the subpoena should be quashed because Malibu is going to use the acquired identifying information to threaten Doe to settle the case.  Doe relies heavily on Magistrate Judge Brown's reasoning in In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80 (E.D.N.Y. 2012), where Magistrate Judge Brown found that various plaintiffs had engaged in or probably would engage in efforts to coerce settlements despite evidence that the defendants had not personally engaged in copyright infringement.  Id. at 90.  Here, Doe provides no evidence that Malibu has engaged in any similar

7

coercive settlement negotiation or would probably engage in such coercion once Malibu acquires Doe's identity information. Indeed, Malibu's offer to allow Doe to proceed anonymously in this case would protect Doe from embarrassment.  It would be unfair to assume that Malibu would employ abusive litigation tactics without any evidence.

## V.

Doe also claims that the subpoena should be quashed because he is not the real infringer.  This argument, however, is not a reason to quash the subpoena.  Neither Malibu nor the Court is required to accept the unsupported allegation that Doe is not an infringer.  Obtaining Doe's contact information "is the logical first step in identifying the correct party."  Malibu Media, LLC v. Doe, No. 13cv8484, 2014 WL 1228383, at *3 (N.D. Ill. Mar. 24, 2014).

CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the defendant's motion to quash is **DENIED. The Clerk is directed to close Docket No. 15.**


SO ORDERED.

Dated:   New York, New York
         July 20, 2015                         _____/s/_____
                                                **John G. Koeltl
                                                United States District Judge**